THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

BLAINE MARTIN,　　　　　　　　　　　　CASE NO.: 2018-CA-003241-16-K

　　*Plaintiff*,

v.

AMERICAN EXPRESS BANK, FSB,
EQUIFAX INFORMATION SEVICES,
LLC, and EXPERIAN INFORMATION
SOLUTIONS, INC.,

　　*Defendants*.
_____/

## COMPLAINT

Plaintiff, BLAINE MARTIN, brings the following action against the Defendants AMERICAN EXPRESS BANK, FSB, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for damages over $15,000.00 and is otherwise within the jurisdiction of the Court, exclusive of costs and attorney's fees.

2. At all times material, Plaintiff, BLAINE MARTIN, (hereinafter referred to as "Plaintiff") is a resident of Seminole County, Florida, and is sui juris.

3. At all times material, Defendant, AMERICAN EXPRESS BANK, FSB, (hereinafter referred to as "AMEX") is incorporated under the United States Law as a

1

federal savings bank and is duly licensed and authorized to engage and is engaged in the doing of business by virtue of the laws and regulations of the State of Florida.

4. At all times material, Defendant, EQUIFAX INFORMATION SERVICES, LLC, (hereinafter referred to as "EQUIFAX") is incorporated in the State of Georgia and is duly authorized to engage and is engaged in doing business in the State of Florida.

5. At all times material, Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter referred to as "EXPERIAN") is incorporated in the State of California and is duly authorized to engage and is engaged in doing business in the State of Florida.

6. This court has jurisdiction over the parties pursuant to 15 U.S.C. § 1681p and the Florida Rules of Civil Procedure.

7. Venue is appropriate as the Plaintiff resides in Seminole County and the events in this case took place in Seminole County.

## GENERAL ALLEGATIONS

8. In March of 2012, AMEX issued a "PLUM CARD" Credit Card in the name of the Plaintiff.

9. In February of 2014, AMEX sued the Plaintiff for breach of contract and quantum meruit due to Plaintiff's alleged failure to pay debt owed from use of the "PLUM CARD."

10. At all times material, Plaintiff contested the legitimacy of this debt.

11. Parties agreed, by and through legal counsel, via email correspondence and telephonic communication, that no amounts were owed, and agreed to settle in full by filing a joint dismissal with prejudice.

12. In August of 2015, pursuant to the settlement, AMEX filed a Voluntary Notice of Dismissal with Prejudice in the case. See attached as "Exhibit A."

13. By entering the settlement and acknowledging no legitimate debt existed, AMEX forfeited its rights to collect on the 'owed' money.

14. In January of 2018, Plaintiff received a credit report and discovered AMEX reported the "PLUM CARD" account as charged off in June of 2015 and January of 2018.

15. No charge off should have been reported in June of 2015 or January of 2018 due to there being no debt. Rather the 'owed' amount and any reports relating to it, should have been deleted entirely.

16. On January 30th of 2018, Plaintiff lodged a formal complaint via demand letters to AMEX, EQUIFAX, EXPERIAN, and TRANS UNION, LLC (hereinafter, referred to "TRANSUNION") requesting the verification and deletion of the "PLUM CARD" account. Plaintiff's demand letters detailed and contained a copy of the Complaint, and Voluntary Notice of Dismissal with Prejudice.

17. In February of 2018, TRANSUNION sent a letter acknowledging receipt of the formal complaint.

18. In March of 2018, EQUIFAX responded to Plaintiff's formal complaint by labeling the account as 'disputed' on his credit report.

19. AMEX and EXPERIAN failed to respond.

3

20. Upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, EQUIFAX did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify Plaintiff's allegations regarding the false reporting.

21. Upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, EXPERIAN did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify Plaintiff's allegations regarding the false reporting.

22. Upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, TRANSUNION verified Plaintiff's allegation and made the appropriate corrections and deleted the information from the Plaintiff's credit report.

23. In August of 2017, Plaintiff attempted to obtain a mortgage and was denied the mortgage loan due to his credit. Other than the false, derogatory information, Plaintiff maintained excellent personal credit and should have been approved.

24. In February of 2018, Plaintiff attempted to obtain a boat loan and was denied the loan due to his credit. Other than the false, derogatory information, Plaintiff maintained excellent personal credit and should have been approved.

25. Plaintiff has been damaged as a result of the foregoing.

26. All conditions precedent to this action have been performed, have occurred, or have been waived.

## COUNT I: FAIR CREDIT REPORTING ACT § 1681e(b) – EQUIFAX

27. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

28. EQUIFAX violated the Fair Credit Reporting Act (herein after referred to as "FCRA"), specifically 15 U.S.C. § 1681e(b), by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and/or maintains concerning the Plaintiff.

29. As a result of this conduct, action, and inaction of EQUIFAX, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

30. EQUIFAX's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover damages under 15 U.S.C. § 1681o.

31. The Plaintiff requests and is entitled to recover costs and attorney's fees from EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

32. Plaintiff has been damaged as a result of the foregoing.

**WHEREFORE**, Plaintiff, BLAINE MARTIN, respectfully requests a judgment against Defendant, EQUIFAX, for actual, compensatory, and/or punitive damages, costs and attorney fees, and requests a trial by jury on all issues so triable.

5

## COUNT II: FAIR CREDIT REPORTING ACT § 1681i – EQUIFAX

33. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

34. Plaintiff advised EQUIFAX directly of the false data and demanded that the data be removed from their consumer reports and data files.

35. In violation of 15 U.S.C. § 1681i(a)(4), EQUIFAX failed to review and consider all relevant information submitted by the Plaintiff in regard to the disputed information.

36. In violation of 15 U.S.C. § 1681i(a)(1)(A), EQUIFAX failed to use reasonable procedures to properly investigate Plaintiff's dispute and continued to prepare and publish credit reports containing false information.

37. In violation of 15 U.S.C. § 1681i(a)(5), EQUIFAX took inadequate action to correct Plaintiff's credit reports or delete the false data or otherwise conduct an appropriate investigation.

38. In violation of 15 U.S.C. § 1681i(a)(2), EQUIFAX failed to provide Plaintiff and AMEX all relevant information regarding the dispute before the end of the thirty (30) day period as proscribed by 15 U.S.C. § 1681i(a)(1)(A).

39. EQUIFAX's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover damages under 15 U.S.C. § 1681o.

40. The Plaintiff requests and is entitled to recover costs and attorney's fees from EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

41. Plaintiff has been damaged as a result of the foregoing.

**WHEREFORE**, Plaintiff, BLAINE MARTIN, respectfully requests a judgment against Defendant, EQUIFAX, for actual, compensatory, and/or punitive damages, costs and attorney fees, and requests a trial by jury on all issues so triable.

## COUNT III: FAIR CREDIT REPORTING ACT § 1681e(b) – EXPERIAN

42. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

43. EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and/or maintains concerning the Plaintiff.

44. As a result of this conduct, action, and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

45. EXPERIAN's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover damages under 15 U.S.C. § 1681o.

46. The Plaintiff requests and is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

47. Plaintiff has been damaged as a result of the foregoing.

**WHEREFORE**, Plaintiff, BLAINE MARTIN, respectfully requests a judgment against Defendant, EXPERIAN, for actual, compensatory, and/or punitive damages, costs and attorney fees, and requests a trial by jury on all issues so triable.

### COUNT IV: FAIR CREDIT REPORTING ACT § 1681i – EXPERIAN

48. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

49. Plaintiff advised EXPERIAN directly of the false data and demanded that the data be removed from their consumer reports and data files.

50. In violation of 15 U.S.C. § 1681i(a)(4), EXPERIAN failed to review and consider all relevant information submitted by the Plaintiff in regard to the disputed information.

51. In violation of 15 U.S.C. § 1681i(a)(1)(A), EXPERIAN failed to use reasonable procedures to properly investigate Plaintiff's dispute and continued to prepare and publish credit reports containing false information.

52. In violation of 15 U.S.C. § 1681i(a)(5), EXPERIAN took inadequate action to correct Plaintiff's credit reports or delete the false data or otherwise conduct an appropriate investigation.

53. In violation of 15 U.S.C. § 1681i(a)(2), EXPERIAN failed to provide Plaintiff and AMEX all relevant information regarding the dispute before the end of the thirty (30) day period as proscribed by 15 U.S.C. § 1681i(a)(1)(A).

54. In violation of 15 U.S.C. § 1681i(a)(6), EXPERIAN failed to provide Plaintiff with any notice of results from EXPERIAN's purported investigation.

55. EXPERIAN's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover damages under 15 U.S.C. § 1681o.

56. The Plaintiff requests and is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

57. Plaintiff has been damaged as a result of the foregoing.

**WHEREFORE**, Plaintiff, BLAINE MARTIN, hereby demands a judgment against Defendant, EXPERIAN, for actual, compensatory, and/or punitive damages, costs and attorney fees, and requests a trial by jury on all issues so triable.

## COUNT V: FAIR CREDIT REPORTING ACT § 1681s-2(b) – AMEX

58. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

59. EXPERIAN, EQUIFAX, and TRANSUNION advised AMEX that Plaintiff disputed the false charge off report. Each separate notice triggered duties under section 1681s-2(b) of FCRA.

60. Despite receipt of the same dispute from three different sources, AMEX failed to respond and failed to acknowledge the dispute in violation of FCRA.

61. AMEX has willfully, or alternatively, negligently, violated FCRA, 15 U.S.C. § 1681s-2(b), by failing to properly conduct reasonable reinvestigations.

62. In violation of 15 U.S.C. § 1681s-2(b)(1)(B), AMEX failed to review all relevant and pertinent information provided to it, respectively, by the consumer reporting agencies and Plaintiff pursuant to § 1681i(a)(2).

63. In violation of 15 U.S.C. § 1681s-2(b)(1)(C), AMEX failed to accurately respond to the consumer reporting agencies and failed to respond to Plaintiff's dispute letter.

64. In violation of 15 U.S.C. § 1681s-2(b)(1)(D), AMEX failed to report to the consumer reporting agencies that the information AMEX reported in regard to the "PLUM CARD" account was inaccurate.

65. In violation of 15 U.S.C. § 1681s-2(b)(1)(E), AMEX failed to retract, delete and suppress false and inaccurate information it reported about the Plaintiff. And to permanently and lawfully correct its own internal records to prevent the reporting of the "PLUM CARD" account to the consumer reporting agencies.

66. AMEX is well aware that its respective reporting and activities would, and will, damage Plaintiff's ability to enjoy life and utilize the credit rating and reputation he secured by honoring their obligations to all of their creditors.

67. AMEX's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §

1681n. In the alternative, it was negligent, entitling the Plaintiff to recover damages under 15 U.S.C. § 1681o.

68. The Plaintiff requests and is entitled to recover costs and attorney's fees from AMEX in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

69. Plaintiff has been damaged as a result of the foregoing.

**WHEREFORE**, Plaintiff, BLAINE MARTIN, respectfully requests a judgment against Defendant, AMEX, for actual, compensatory, and/or punitive damages, costs and attorney fees, and requests a trial by jury on all issues so triable.

## COUNT VI: FLORIDA COMMON LAW DEFAMATION – AMEX

70. Plaintiff incorporates paragraphs 1-26 as though fully set forth herein.

71. AMEX published the charge off of the "PLUM CARD" account to the credit reporting agencies and published to the credit reporting agencies, and published through the credit reporting agencies to all of Plaintiff's potential lenders in Florida.

72. The publication provided by AMEX to the credit reporting agencies regarding the Plaintiff's credit history was false. AMEX with knowledge of falsity, and with no reasonable basis to believe that the Plaintiff was responsible for the account at issue, reported an illegitimate debt of the Plaintiff.

73. The defamatory conduct of AMEX was willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award

11

of punitive damages against AMEX, or alternatively it was negligent entitling Plaintiff to general damages.

74. AMEX should have been aware that it was unable to pursue further action regarding the "PLUM CARD" account due to the Joint Dismissal with Prejudice. See attached "Exhibit A."

75. As a result of this conduct, action and inaction of AMEX, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

76. Plaintiff has been damaged in Florida as a result of the foregoing.

**WHEREFORE**, Plaintiff, BLAINE MARTIN, respectfully requests a judgment against Defendant, AMEX, for actual, compensatory, and/or punitive damages, costs and attorney fees, and requests a trial by jury on all issues so triable.

Date: 12/30/18.

_____
Roddy B. Lanigan, Esq.
Florida Bar No.: 0041331
831 West Morse Boulevard
Winter Park, Florida 32789
Phone: (407) 740-7379
Facsimile: (407) 740-6812
Internet: roddy.lanigan@laniganpl.com
*Attorney for Plaintiff*

# EXHIBIT A

Filing # 31149152 E-Filed 08/21/2015 10:10:53 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

AMERICAN EXPRESS BANK,　　　　　　　　CASE NO.: 2014 CA 800519 CI
FSB, A Federal Savings Bank,

    Plaintiff,

vs.

BLAINE A MARTIN and ALL-STAR
CONCRETE & MASONRY CORP.,

    Defendants.
_____/

## NOTICE OF JOINT VOLUNTARY DISMISSAL WITH PREJUDICE OF DEFENDANT BLAINE A MARTIN

COMES NOW, Plaintiff, AMERICAN EXPRESS BANK, FSB, A Federal Savings Bank, (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and hereby files this Notice of Joint Voluntary Dismissal of Plaintiff's Complaint against Defendant, BLAINE A MARTIN, with Prejudice and as grounds therefore, states as follows:

1. Plaintiff wishes to dismiss this case against Defendant, BLAINE A MARTIN.

2. All parties shall be responsible for their own fees and costs.

ROMAN V. HAMMES, ESQ.　　　　　　　　PENNY FRASER, ESQ.
Florida Bar No.: 87250　　　　　　　　　　　Florida Bar No.: 538558
ROMAN V. HAMMES, P.L.　　　　　　　　CORDOBA & ASSOCIATES, P.A.
250 East Colonial Drive, Suite 305　　　　　1551 Sawgrass Corporate Pkwy. Ste. 110
Orlando, Florida 32801　　　　　　　　　　Sunrise, FL 33323
Attorney for Blaine Martin

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to Defendant's Attorney Roman V. Hammes, ESQ. at roman@romanvhammes.com, and ALL-STAR CONCRETE & MASONRY CORP. 25 BROADWAY STE 216, KISSIMMEE, FL 34741, on this _21st_ day of _August_, 2015.

S/ PENNY FRASER, ESQ.
CORDOBA & ASSOCIATES, P.A.
ATTORNEYS FOR PLAINTIFF
1551 SAWGRASS CORPORATE PARKWAY
SUITE 110
SUNRISE FL, 33323
Telephone:　754-300-1058
Facsimile:　754-551-5791
Florida Bar No. 538558
Primary E-mail: cordoba@cordobalaw.com

13205000