**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| BLAINE MARTIN,<br><br>      Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS BANK, FSB, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>      Defendant. | Case No. 6:19-cv-00018-PGB-DCI<br><br>State Court Case No.: 2018-CA-3241-16-K |

**AMERICAN EXPRESS NATIONAL BANK, AS**
**SUCCESSOR BY MERGER TO AMERICAN EXPRESS**
**BANK, FSB'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant American Express National Bank, as Successor by Merger to American Express Bank, FSB (incorrectly referred to in the Complaint as American Express Bank, FSB) (hereinafter "Amex"), hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Blaine Martin ("Plaintiff") and states as follows:

## GENERAL DENIAL

Amex respectfully states that it specifically denies that Plaintiff has been injured or damaged in any manner, sum, or amount by Amex, and further denies that Plaintiff is entitled to recover from Amex in any amount or sum. Amex further denies any allegation contained in Plaintiff's Complaint not specifically admitted herein. In support of this, Amex further respectfully states:

## JURISDICTION AND PARTIES

1.      Paragraph 1 asserts legal conclusions to which no response is required.  To the extent that a response is required, Amex admits that Plaintiff purports to seek damages that exceed $15,000.00, but denies that Plaintiff is entitled to the relief requested in Paragraph 1, or any relief whatsoever.   Amex denies all remaining allegations not specifically admitted in Paragraph 1 of the Complaint.

2.      Amex is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and therefore denies them.

3.      Amex states that it is unable to respond to the allegations of Paragraph 3 in any meaningful manner because the phrase "at all times material" is not defined in Plaintiff's Complaint.  To the extent that a response is required, Amex admits that it is incorporated under United States law as a federal savings bank and is authorized to do business in the State of Florida. Amex denies all remaining allegations not specifically admitted in Paragraph 3 of the Complaint.

4.      Amex admits that Plaintiff has filed the above action alleging a claim against co-Defendant Equifax Information Services, LLC.  Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of the Complaint, and therefore denies them.  Amex denies all remaining allegations not specifically admitted in Paragraph 4 of the Complaint.

5.      Amex admits that Plaintiff has filed the above action alleging a claim against co-Defendant Experian Information Solutions, Inc.  Amex is without knowledge or

263677 v1

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the Complaint, and therefore denies them.  Amex denies all remaining allegations not specifically admitted in Paragraph 5 of the Complaint.

6.      Paragraph 6 asserts legal conclusions to which no response is required.  To the extent that a response is required, Amex denies the allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 asserts legal conclusions to which no response is required.  To the extent that a response is required, Amex denies the allegations contained in Paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8.      Amex admits that it issued a credit card in the name of Plaintiff Blaine Martin.  Amex denies all remaining allegations not specifically admitted in Paragraph 8 of the Complaint.

9.      Amex admits that a civil action was filed against Plaintiff in February of 2014.  Amex denies all remaining allegations not specifically admitted in Paragraph 9 of the Complaint.

10.      Amex states that it is unable to respond to the allegations of Paragraph 10 in any meaningful manner because the phrase "at all times material" is not defined in Plaintiff's Complaint.   To the extent that a response is required, Amex denies the allegations contained in Paragraph 10 of the Complaint.

11.      Amex admits that it reached a settlement with Plaintiff regarding the claims and defenses asserted in Case Number 2014-CA-510-CI filed in the Circuit Court of the

263677 v1

Ninth Judicial Circuit, in and for Osceola County, Florida, but denies that anything related to that settlement gives rise to any cause of action asserted in this litigation.  Amex denies all remaining allegations not specifically admitted in Paragraph 11 of the Complaint.

12.     Amex admits that a notice of dismissal was filed in Case Number 2014-CA-510-CI filed in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, but denies that anything related to that dismissal gives rise to any cause of action asserted in this litigation.  Amex denies all remaining allegations not specifically admitted in Paragraph 12 of the Complaint.

13.     Amex admits that it reached a settlement with Plaintiff, but denies that anything related to that settlement gives rise to any cause of action asserted in this litigation.  Amex denies all remaining allegations not specifically admitted in Paragraph 13 of the Complaint.

14.     Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15.     Paragraph 15 asserts legal conclusions to which no response is required.  To the extent that a response is required, Amex denies the allegations contained in Paragraph 15 of the Complaint.

16.     Amex admits that it received a demand letter from Plaintiff.  Amex denies all remaining allegations not specifically admitted in Paragraph 16 of the Complaint.

4

17.     Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint and therefore denies them.

18.     Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and therefore denies them.

19.     To the extent the allegations of paragraph 19 are directed toward Amex, Amex denies them.  Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in Paragraph 19 of the Complaint and therefore denies them.

20.     The allegations of Paragraph 20 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint and therefore denies them.

21.     The allegations of Paragraph 21 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint and therefore denies them.

22.     The allegations of Paragraph 22 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint and therefore denies them.

23.     Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the Complaint and therefore denies them.

24.     Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint and therefore denies them.

25.     Paragraph 25 asserts legal conclusions to which no response is required.  To the extent that a response is required, Amex denies the allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations contained in Paragraph 26 of the Complaint.

### COUNT I:  FAIR CREDIT REPORTING ACT § 1681e(b) - EQUIFAX

27.     Amex restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as through fully set forth herein.

28.     Paragraph 28 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 28 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of the Complaint and therefore denies them.

29.     Paragraph 29 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 29 are not directed toward Amex and, therefore, no

263677 v1

response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the Complaint and therefore denies them.

30.     Paragraph 30 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 30 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint and therefore denies them.

31.     The allegations of Paragraph 31 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies the allegations in Paragraph 31 of the Complaint.

32.     Amex denies the allegations in Paragraph 32 of the Complaint.

The allegations in the unnumbered "WHEREFORE" paragraph following Paragraph 32 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

## COUNT II:  FAIR CREDIT REPORTING ACT  1681i - EQUIFAX

33.     Amex restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as through fully set forth herein.

34.     The allegations of Paragraph 34 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Complaint and therefore denies them.

35.     Paragraph 35 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 35 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint and therefore denies them.

36.     Paragraph 36 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 36 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint and therefore denies them.

37.     Paragraph 37 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 37 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint and therefore denies them.

38.     Paragraph 38 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 38 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint and therefore denies them.

263677 v1

39.     Paragraph 39 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 39 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies the allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations contained in Paragraph 40 of the Complaint.

41.     Amex denies the allegations contained in Paragraph 41 of the Complaint.

The allegations in the unnumbered "WHEREFORE" paragraph following Paragraph 41 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

## COUNT III:  FAIR CREDIT REPORTING ACT § 1681e(b) – EXPERIAN

42.     Amex restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as through fully set forth herein.

43.     Paragraph 43 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 43 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Complaint and therefore denies them.

44.     Paragraph 44 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 44 are not directed toward Amex and, therefore, no

263677 v1

response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44 of the Complaint and therefore denies them.

45.     Paragraph 45 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 45 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45 of the Complaint and therefore denies them.

46.     Paragraph 46 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations contained in Paragraph 46 of the Complaint.

47.     Amex denies the allegations contained in Paragraph 47 of the Complaint.

The allegations in the unnumbered "WHEREFORE" paragraph following Paragraph 47 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies that Plaintiff is entitled to the relief requested, or any relief whatsoever.

**COUNT IV:  FAIR CREDIT REPORTING ACT § 1681i – EXPERIAN**

48.     Amex restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as through fully set forth herein.

49.     The allegations of Paragraph 49 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is

without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of the Complaint and therefore denies them.

50.     Paragraph 50 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 50 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of the Complaint and therefore denies them.

51.     Paragraph 51 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 51 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint and therefore denies them.

52.     Paragraph 52 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 52 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint and therefore denies them.

53.     Paragraph 53 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 53 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53 of the Complaint and therefore denies them.

263677 v1

54.     Paragraph 54 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 54 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint and therefore denies them.

55.     Paragraph 55 asserts legal conclusions to which no response is required. Further, the allegations of Paragraph 55 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies the allegations contained in Paragraph 55 of the Complaint.

56.     Paragraph 56 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations contained in Paragraph 56 of the Complaint.

57.     Amex denies the allegations contained in Paragraph 57 of the Complaint.

The allegations in the unnumbered "WHEREFORE" paragraph following Paragraph 57 are not directed toward Amex and, therefore, no response is required.  To the extent that a response is required, Amex denies that Plaintiff is entitled to the relief requested, or any relief whatsoever

## COUNT V:  FAIR CREDIT REPORTING ACT § 1681s-2(b) – AMEX

58.     Amex restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as through fully set forth herein

59.     Paragraph 59 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 59 of the Complaint.

60.     Amex admits that it received dispute information relating to Plaintiff.  The final sentence of Paragraph 60 asserts a legal conclusion to which no response is required. To the extent a response is required to the final sentence of Paragraph 60, Amex denies this allegation, and denies all remaining allegations not specifically admitted in Paragraph 60 of the Complaint.

61.     Paragraph 61 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 61 of the Complaint and demands strict proof thereof.

62.     Paragraph 62 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 62 of the Complaint and demands strict proof thereof.

63.     Paragraph 63 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 63 of the Complaint and demands strict proof thereof.

64.     Paragraph 64 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 64 of the Complaint and demands strict proof thereof.

65.     Paragraph 65 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 65 of the Complaint and demands strict proof thereof.

66.     Amex denies the allegations of Paragraph 66 of the Complaint and demands strict proof thereof.

67.     Paragraph 67 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 67 of the Complaint, specifically denies that Amex caused Plaintiff to suffer any damages, and demands strict proof thereof.

68.     Paragraph 68 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 68 of the Complaint, specifically denies that Plaintiff is entitled to any of the relief demanded therein.

69.     Amex denies the allegations contained in Paragraph 69 of the Complaint, specifically denies that Amex caused Plaintiff to suffer any damages, and demands strict proof thereof.

Amex denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 69, or any relief whatsoever.

## COUNT VI:  FLORIDA COMMON LAW DEFAMATION – AMEX

70.     Amex restates, realleges, and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as through fully set forth herein

14

71.     Amex is unable to form a response to Paragraph 71 of the Complaint because the terms "credit reporting agencies" and "Plaintiff's potential lenders" are not defined in Plaintiff's Complaint.  To the extent that a response is required, Amex admits that it reports user credit data.  Amex denies all remaining allegations not specifically admitted in Paragraph 71 of the Complaint and demands strict proof thereof.

72.     Amex denies the allegations of paragraph 72 of the Complaint and demands strict proof thereof.

73.     Paragraph 73 asserts legal conclusions to which no response is required. To the extent that a response is required, Amex denies the allegations of Paragraph 73 of the Complaint, specifically denies that Amex caused Plaintiff to suffer any damages, and demands strict proof thereof.

74.     Amex admits that a notice of dismissal was filed in Case Number 2014-CA-510-CI filed in the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, but denies that anything related to that dismissal gives rise to any cause of action asserted in this litigation. Amex denies all remaining allegations not specifically admitted in Paragraph 74 of the Complaint and demands strict proof thereof.

75.     Amex denies the allegations of Paragraph 75 of the Complaint, specifically denies that Amex caused Plaintiff to suffer any damages, and demands strict proof thereof.

76.     Amex denies the allegations of Paragraph 76 of the Complaint, specifically denies that Amex caused Plaintiff to suffer any damages, and demands strict proof thereof.

Amex denies that Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following Paragraph 76, or any relief whatsoever.

263677 v1

## **AFFIRMATIVE DEFENSES**

Amex denies any and all allegations of violations of 15 U.S.C. § 1681s-2(b) needed to establish the alleged damages asserted by Plaintiff.  Amex likewise denies any and all allegations needed to establish the alleged damages asserted by Plaintiff for Florida common law defamation.  In addition to the defenses and denials set forth above, Amex asserts the following affirmative and other defenses.  In pleading these defenses, Amex does not admit that it bears any burden of proof, production, or persuasion on such defenses.  Further, Amex specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time in the course of this litigation.  For its affirmative defenses, Amex asserts as follows:

### **First Affirmative Defense**

Amex affirmatively states that the Complaint fails to state a claim upon which relief can be granted, as Plaintiff failed to allege facts sufficient to identify any violations of the asserted statutory and common law provisions, or to entitle Plaintiff to any form of damages or relief from Amex for bases to be developed during discovery.

### **Second Affirmative Defense**

Amex affirmatively states that Amex did not violate a duty owed to Plaintiff, if any. To the extent a legal duty was owed, if any, Amex has completely satisfied all legal duties with regard to Plaintiff and is therefore released from liability.

### **Third Affirmative Defense**

Amex affirmatively states that Plaintiff cannot assert any facts to support

16

allegations of negligent or willful misconduct as Amex's conduct was in compliance with the statutory provisions alleged in Plaintiff's complaint, and were, at all times, undertaken in good faith and with the intent to comply with Amex's statutory obligations.

### Fourth Affirmative Defense

Amex affirmatively states that the Plaintiff's Complaint is barred by Plaintiff's own conduct or the conduct of another for whom or which Amex is not responsible.

### Fifth Affirmative Defense

The Plaintiff's claims are barred in whole or part for his failure to mitigate his damages as alleged, if any, and in his failure to minimize claimed alleged losses, which can be attributed to the Plaintiff's own conduct.

### Sixth Affirmative Defense

The Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence to the extent that Plaintiff failed to comply with, or return the information needed, for processes Amex follows before it could resolve any alleged credit reporting disputes.

### Seventh Affirmative Defense

To the extent the Plaintiff's allegations for asserted damages involves allegations about the sufficiency and legality of Amex's dispute investigation process, no private right of action exists for Plaintiff to claim such damages.  Plaintiff has no cause of action for violation of 15 U.S.C. § 1681s-2(b) or any other provision because Amex conducted a reasonable investigation into any dispute, reviewed all relevant information, reported results, and took any and all other acts specified by the FCRA, as appropriate.

263677 v1

**Eighth Affirmative Defense**

In pleading these defenses, Amex does not admit that it bears the burden of proof, production, or persuasion on such defenses.

**Ninth Affirmative Defense**

Amex has complied with the FCRA in its handling of Plaintiff's account(s) and is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

**Tenth Affirmative Defense**

Plaintiff is incapable of demonstrating that he sustained any ascertainable loss or other damage.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred by the terms and conditions of the card member agreement(s) with Amex.

**Twelfth Affirmative Defense**

Plaintiff's claims fall within, and are subject to, the parties' binding and enforceable arbitration agreement to which Plaintiff agreed.

**Thirteenth Affirmative Defense**

Plaintiff would be unjustly enriched were he to be granted relief as claimed.

**Fourteenth Affirmative Defense**

Plaintiff's claims for punitive damages against Amex cannot be sustained because an award of punitive damages under Florida law would violate Amex's due process rights and equal protection rights under the Fifth, Eighth, and Fourteenth Amendments to the

United States Constitution and Amex's due process rights under cognate provisions of the Florida Constitution.

### Fifteenth Affirmative Defense

Plaintiff's pleading of a claim for punitive damages should be dismissed for Plaintiff's failure to make the statutory showing, required under § 768.72, Florida Statutes, of a reasonable basis for such a claim.

### Sixteenth Affirmative Defense: Additional Defenses

Amex asserts that it may have additional defenses of which it is not fully aware or cannot otherwise assert at the present time. Amex reserves the right to supplement, amend or modify its affirmative defenses as it continues to investigate the Complaint and complete discovery in this case.

WHEREFORE, Defendant American Express National Bank, as Successor by Merger to American Express Bank, FSB, respectfully requests that judgment be entered in its favor and against Plaintiff Blaine Martin, that the Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing from this action, and that Defendant American Express National Bank, as Successor by Merger to American Express Bank, FSB, be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Ashley P. Hayes*
Ashley P. Hayes
Florida Bar No. 91483
**SHOOK, HARDY & BACON, L.L.P.**
100 N. Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone:    (813) 202-7100
Facsimile:    (813) 221-8837

263677 v1

ahayes@shb.com
lcintron@shb.com

***Counsel for Defendant American Express Bank, FSB***

263677 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2019, I electronically filed a copy of the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties or counsel of record listed below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

*Counsel for Plaintiff*
Roddy B. Lanigan, Esq.
LANIGAN & LANIGAN, PL
831 West Morse Boulevard
Winter Park, Florida  32789
roddy.lanigan@laniganpl.com

*Counsel for Defendant Equifax*
*Information Services, LLC:*
J. Anthony Love, Esq.
KING & SPALDING, LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia  30309
tlove@kslaw.com

*Counsel for Defendant Experian*
*Information Solutions, Inc.:*
Michael Maugans, Esq.
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, Florida  33131
mmaugans@jonesday.com

*/s/  Ashley P. Hayes*
*Counsel for Defendant American*
*Express Bank, FSB*

21